GARRETT, Judge.
South Florida Water Management District (South Florida WMD) and South Indian River Water Control District (South Indian River WCD) appeal the trial court’s order dismissing their petition for approval of a plan of reclamation.
Since 1923 water control in the South Indian River WCD has been a problem. In 1971 a Sixth Plan of Reclamation was developed to provide for the drainage of rainwater from the entire basin. The plan controlled flooding in the higher western basin, but contributed to flooding in the lower eastern basin. An Eighth Plan of Reclamation (Eighth Plan) was developed to provide for the drainage of rainwater from the eastern basin. South Indian River WCD (which is supervised by South Florida WMD) created the Eighth Plan and pursuant to section 298, et seq., Florida Statutes (1987), filed a petition seeking the trial court’s approval. Three commissioners were appointed to submit a report as to the plan’s benefits and costs. The trial judge found that the commissioners did not physically visit the basin area and sustained objections to the initial report. The same commissioners were appointed to resubmit the report. The trial judge found that the affected landowners did not receive proper credit for benefits derived from prior plans and sustained appellees’ objections to the second report. The trial judge did not “order the report changed to conform with such findings,” but dismissed the petition. § 298.34(2), Fla.Stat. (1987).
We reverse. A trial judge cannot dismiss the petition but must order the report changed. If an objection is sustained, the appointed commissioners should be ordered to change the report to conform to the trial judge’s findings. When the trial judge finds the report does conform, he or she must approve and confirm the report. Id. If the approved and confirmed report concludes that the benefits of the plan of reclamation outweigh its costs the trial judge grants the petition and orders the plan to be statutorily implemented, but if the approved and confirmed report con-eludes that the costs outweigh the benefits the trial judge denies the petition.
We direct that the trial judge rekindle his efforts to obtain a report which conforms to his findings. Until the trial judge approves and confirms the report, we hold that plenary review of any objection is premature. But our holding is without prejudice for any party, when appropriate, by extraordinary writ to seek review of the trial judge’s ruling as to a particular objection.
HERSEY, C.J., and WARNER, J., concur.